## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYOLO LUNA,<br><br>                    Plaintiff,<br><br>        -against-<br><br>YORKVILLE MANSION INC. d/b/a MANSION RESTAURANTS and JOHN PHILLIPS, individually,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Trial by Jury Demanded |

Plaintiff Mayolo Luna (the "Plaintiff"), by his counsel Eisner Dictor & Lamadrid, P.C., brings this action under the federal and state wage and hour laws to recover unlawfully withheld wages owing to him and arising from his employment with Defendant Yorkville Mansion Inc. d/b/a Mansion Restaurants (the "Corporate Defendant" or "the Mansion") and John Phillips (the "Individual Defendant") (jointly the "Defendants"), plus liquidated damages, penalties, interest, attorneys' fees, and costs.

### NATURE OF THE ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and seeks to recover overtime premium payments that the Defendants improperly failed to pay the Plaintiff, as well as statutory pre-judgment interest, statutory liquidated damages, notice and recordkeeping statutory penalties pursuant to NYLL, costs, attorneys' fees, post-judgment interest, and such other relief as this Court deems just and proper.

## PRELIMINARY STATEMENT

2.      Plaintiff worked for Defendants for over two decades as a line cook, regularly working more than forty hours per week without receiving overtime pay or proper wage statements as required by law.

3.      Defendants operate a restaurant called the Mansion, which serves a broad American comfort food menu with a mix of diner staples and some contemporary additions.

4.      Upon information and belief, including publicly available sources, the Mansion has been in operation since approximately 1945.

5.      Defendant Yorkville Mansion Inc. was incorporated on or about July 25, 2005.

6.      Upon information and belief, the Individual Defendant took over as owner, officer, and managing agent of the Mansion around 2005.

7.      While employed as a line cook for Defendants, Defendants violated the Plaintiff's rights under the FLSA and NYLL by: (a) failing to pay the Plaintiff lawful overtime compensation for each hour that Plaintiff worked exceeding forty hours per week; and (b) failing to provide Plaintiff with wage statements with his pay, as required by law.

8.      Accordingly, as stated herein, Plaintiff bring claims for violations of the FLSA and NYLL, and seek liquidated damages, penalties, interest, attorneys' fees and costs associated with this action.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331.

10.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a).

11.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant's operation is located within the District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

12.    Plaintiff Mayolo Luna is a resident of New York County.

13.    Between November 7, 2001 until April 29, 2025, Plaintiff worked for Defendants at Mansion Restaurants, located at 1634 York Avenue, New York, NY 10028.

14.    Defendant Yorkville Mansion Inc., d/b/a Mansion Restaurants, is a New York corporation that owns and operates a restaurant in Manhattan.

15.    According to New York Department of State filings, Defendant Yorkville Mansion Inc. was first filed as a domestic business corporation on July 25, 2005 under DOS number 3234550.

16.    The Mansion is located at 1634 York Avenue, New York, NY 10028.

17.    Defendant John Phillips is the owner, officer, and managing agent of Yorkville Mansion Inc.

18.    At all times relevant, Defendant Phillips exercised operational control over the business, including the management and supervising of employees, including, inter alia, hiring, firing, setting wages, and maintaining employment records.

19.    According to a PPP (Paycheck Protection Program) filing, Yorkville Mansion Inc. reported 36 retained jobs for its PPP loan.

20.    Defendant Phillips hired the Plaintiff, set the Plaintiff's rate of pay, had the power to fire the Plaintiff, and oversaw the Plaintiff's job duties.

21.    Upon information and belief, during the relevant statutory period, the Mansion was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

    a)  had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person; and

    b)  had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

22.    Plaintiff was hired by Defendant Phillips on approximately November 7, 2001 to work for the Mansion as a line cook.

23.    As a line cook in the fast-paced restaurant kitchen at the Mansion, Plaintiff's job involved preparing specific dishes or components of dishes during service, and his responsibilities were hands-on, detail-oriented, and essential to keeping the kitchen running smoothly.

24.    Throughout Plaintiff's employment, including the relevant statutory period, Defendant Phillips supervised, directed, and controlled the Plaintiff's work.

25.    Specifically, Defendant Phillips supervised and directed the Plaintiff at all times during the workday, such as engaging in pre-service oversight of the Plaintiff's kitchen preparation and set-up,  engaging in active service oversight over the Plaintiff during the Mansion's rush hours, and engaging in post-service oversight over the Plaintiff during close-down and review period at the Mansion.

26.    Defendant Phillips also engaged in administrative and managerial oversight over the Plaintiff by hiring him, setting his pay rate, setting his weekly schedule, and keeping and maintaining records related to the Plaintiff's work for the Mansion.

27.    Throughout his employment, and at the Defendants' direction, Plaintiff typically worked between 48 and 54 hours per week.

28.    Plaintiff was paid a flat weekly rate of approximately $400, regardless of the number of hours worked.

29.    Defendants failed to pay the Plaintiff at the required overtime premium rate of one and one-half times his regular rate for hours worked over forty in a workweek.

30.    Representative of a typical work week for Plaintiff, on the week of September 11, 2023, Plaintiff began his first shift on Tuesday, September 12, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.; Wednesday, September 13, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.; Thursday, September 14, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.; Friday, September 15, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.; Saturday, September 16, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.; Sunday, September 17, 2023, in the morning at 6:00 a.m., and was not relieved from his shift until 2:00 p.m.

31.    In addition, the Plaintiff was required to work many Mondays, including, *inter alia,* any Monday designated as a holiday.

32.    On April 29, 2025, the Plaintiff was summarily terminated from his employment by Defendant Phillips.

33.    Plaintiff was not paid overtime wages at the applicable overtime hourly rate for all hours worked in excess of 40 hours in any given week.

34. Defendants also failed to provide Plaintiff with pay stubs or wage statements, and did not issue proper wage notices at the time of hiring or annually thereafter, as required by NYLL §§ 195(1) and (3).

35. Defendants did not maintain accurate records of Plaintiff's hours worked. Under established precedent, where an employer fails to keep records, the employee's recollection of hours worked is accepted to determine damages.

36. Upon information and belief, Defendant willfully paid Plaintiff less than the rates of wages to which Plaintiff was entitled.

37. Defendants' actions as described herein were intentional and not made in good faith.

38. Plaintiff estimates that he is owed approximately $300,000, including unpaid wages, overtime premiums, liquidated damages, statutory penalties, attorneys' fees, and costs.

<u>**FIRST CAUSE OF ACTION**</u>
**[FAILURE TO PAY OVERTIME WAGES]**
**(FLSA, 29 U.S.C. §§ 201 *et seq.*)**

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth full herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendants have employed Plaintiff as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203.

42.     Throughout the period covered by the applicable statute of limitations, Defendants were required to pay Plaintiff at the overtime rate (one-and-a-half times the regular rate) for all hours Plaintiff worked in excess of forty (40) hours per workweek.

43.     Throughout the period covered by the applicable statute of limitations Plaintiff regularly worked in excess of forty (40) hours per workweek.

44.     At all times relevant, Defendants repeatedly and willfully failed to pay Plaintiff in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek by, *inter alia*, not providing a way for Plaintiff to record hours worked in excess of forty (40). As a result of Defendants' unlawful payroll practices, Plaintiff was not paid overtime for hours in excess of forty in a workweek.

45.     Plaintiff seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### [FAILURE TO PAY STATE OVERTIME WAGES]
### (NYLL §190 *et seq.* and 650 *et seq.* and 12 NYCRR § 142)

46.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

47.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to NYLL §§ 2 and 651.

48.     Defendants failed to pay Plaintiff overtime wages at the lawfully required rate of at least one-and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the NYLL and accompanying regulations.

49.    Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

**THIRD CAUSE OF ACTION**
**[FAILURE TO PROVIDE WAGE STATEMENTS]**
**(NYLL § 190 *et seq.* and 12 NYCRR § 142)**

50.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51.    NYLL § 195(3) requires employers to furnish each employee with a statement with every payment of wages listing specific information, including dates of work and rates of pay. This wage statement must also include the number of regular hours worked, and the number of overtime hours worked.

52.    Throughout Plaintiff's employment with Defendants, Defendants failed to furnish Plaintiff with wage statements, in violation of NYLL § 195(3).

53.    Pursuant to NYLL § 198(1-d), 12 NYCRR § 142-2.7, and all other applicable law, Plaintiff seeks and is entitled to recover statutory damages for Defendants' failure to furnish wage statements, as well as costs, attorneys' fees, and such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment in his favor and against Defendants for the following relief:

A.    Declaring Defendants' conduct complained of herein to be in violation of the FLSA and NYLL and their respective regulations;

B.    Awarding Plaintiff his unpaid overtime wages due under the FLSA and NYLL;

C.      Awarding Plaintiff damages for wage statement violations under the NYLL;

D.      Awarding Plaintiff liquidated damages;

E.      Awarding Plaintiff prejudgment interest;

F.      Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

G.      Awarding Plaintiff such other relief as this Court considers necessary and proper.

Dated:    November 5, 2025

Respectfully submitted,

By: Maria L. Chickedantz, Esq.
EISNER DICTOR & LAMADRID, P.C.
39 Broadway, Ste. 1540
New York, NY 10006
Tel.: 212-473-8700
maria@eisnerdictor.com

*Attorneys for Plaintiff*